IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GEORGE A. COOKE,**

    **Plaintiff,**

v.                                              Civil Action No. 3:24cv182

**DEPARTMENT OF CORRECTIONS,**

    **Defendant.**

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). By Memorandum Order entered on July 10, 2024, the Court explained that:

> Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency" are persons amenable to suit under § 1983. *Lamb v. Library People Them*, No. 3:13–8–CMC–BHH, 2013 WL 526887, at *2-3 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983.") Plaintiff's current allegations also fail to provide the defendant with fair notice of the facts and legal basis upon which its liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Moreover, Plaintiff is placed on notice that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

(ECF No. 13, at 1–2.)

2

The Court directed Plaintiff to submit a particularized complaint within thirty (30) days of the date of entry thereof. (ECF No. 13, at 2.) The Court warned Plaintiff that the failure to submit a particularized complaint would result in the dismissal of the action. (ECF No. 13, at 2.)

More than thirty (30) days have elapsed since the entry of the July 10, 2024 Memorandum Order. Plaintiff failed to submit a particularized complaint or otherwise respond to the July 10, 2024 Memorandum Order. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate order will accompany this Memorandum Opinion.

Date: 8/20/2024
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge