IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GEORGE A. COOKE,**

    **Plaintiff,**

v.                                                   Civil Action No. 3:24cv182

**DEPARTMENT OF CORRECTIONS,**

    **Defendant.**

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983,[1] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). On July 10, 2024, the Court directed Plaintiff to submit a particularized complaint within thirty (30) days of the date of entry thereof. (ECF No. 13, at 2.) The Court warned Plaintiff that the failure to submit a particularized complaint would result in the dismissal of the action. (ECF No. 13, at 2.)

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

Because more than thirty (30) days elapsed since the entry of the July 10, 2024 Memorandum Order and Plaintiff failed to submit a particularized complaint or otherwise respond to the July 10, 2024 Memorandum Order, by Memorandum Opinion and Order entered on August 20, 2024, the Court dismissed the action without prejudice. (ECF Nos. 16, 17.)

On September 11, 2024, Plaintiff filed a Particularized Complaint. (ECF No. 19.) Plaintiff executed the Particularized Complaint on September 6, 2024. (ECF No. 19, at 5.) Plaintiff's Particularized Complaint will be construed as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Plaintiff does not address the fact that his Particularized Complaint was drafted and submitted well beyond the thirty (30) days he was permitted for filing a particularized complaint. Instead, it appears that Plaintiff drafted and submitted the Particularized Complaint in response to the August 20, 2024 Memorandum Opinion and Order dismissing his case. (*See* ECF No. 19,

at 4.) Plaintiff fails to demonstrate any clear errors of law in the conclusions of the Court or that the dismissal of this action resulted in manifest injustice. Plaintiff failed to follow the instructions of the Court and submit a timely particularized complaint. Moreover, the untimely Particularized Complaint that he filed fails to follow the very specific instructions in the July 10, 2024 Memorandum Order.[2] In sum, Plaintiff offers no persuasive reason why Rule 59(e) relief is appropriate. Accordingly, the Rule 59(e) Motion, (ECF No. 19), will be DENIED.

If Plaintiff wishes to litigate his complaint, he must submit a Particularized Complaint that follows the direction in the July 10, 2024 Memorandum Order. If Plaintiff files such a Particularized Complaint, the Court will open it as a new civil action. The present civil action, however, remains closed.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 10/7/2024
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

---

[2] The Particularized Complaint identifies no constitutional right violated, has no facts, and has no claims for relief.